UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
FILED
MAR 27 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

KEISHA HALL, individually and as mother and next friend of a minor child,
Plaintiff,

v.

TROOPER NEAL M. BARNES, Kentucky State Police, Unit 253, in his individual capacity;
CAPTAIN SCOTT FELDER, Kentucky State Police, in his individual capacity;
Defendants.

# COMPLAINT

## I. INTRODUCTION

1. This action arises from Defendants' conduct following Plaintiff's efforts to obtain reassignment and accountability in a child sexual abuse investigation, including retaliatory and intimidating conduct directed at Plaintiff after she engaged in protected activity and sought Internal Affairs review.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of constitutional rights, including retaliation and interference with the right to petition for redress, and brings supplemental Kentucky-law claims arising from Defendants' conduct.

## II. PARTIES

3. Plaintiff Keisha Hall is a resident of Kentucky and the mother and legal guardian of a minor child.

4. Defendant Trooper Neal M. Barnes was, at all relevant times, a sworn Kentucky State Police trooper assigned to investigate Plaintiff's child sexual abuse complaint. Barnes is sued in his individual capacity.

5. Defendant Captain Scott Felder was, at all relevant times, a supervisory officer with the Kentucky State Police who exercised authority over Trooper Barnes and decisions regarding reassignment and oversight. Felder is sued in his individual capacity.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper in this District because the events giving rise to these claims occurred within the Eastern District of Kentucky.

## IV. FACTUAL ALLEGATIONS

### A. Pattern of Non-Communication and Delay (May 9 – June 27, 2025)

8. Trooper Barnes was assigned to Plaintiff's case on May 9, 2025.

9. From May 9, 2025 through June 27, 2025, Plaintiff repeatedly attempted to contact Trooper Barnes through Kentucky State Police Post 7 and by direct calls, seeking updates and assistance regarding her child's sexual abuse case.

10. During this period, Trooper Barnes did not return Plaintiff's calls and did not initiate meaningful communication with Plaintiff.

11. Plaintiff further alleges that Trooper Barnes had a close, longstanding personal relationship with Brandy Hall, an individual with whom Plaintiff has had prior serious family conflict and safety concerns involving Plaintiff's minor child, including issues that previously caused Plaintiff to relocate from Lee County, Kentucky. Plaintiff alleges that this relationship created a conflict of interest and undermined the appearance of impartiality in the handling of her child's case. Trooper Barnes acknowledged this relationship to Sergeant Isaac Whitaker, including that Ms. Hall had served as the personal hairdresser for Trooper Barnes and members of his family for approximately fourteen years. Plaintiff alleges that this undisclosed relationship was a remedial factor in her repeated requests that Trooper Barnes be removed from the case and reassigned to a neutral investigator.

### B. Medically Significant Delay and Missed CAC Involvement (May 9 – May 28, 2025)

12. Between May 9, 2025 and May 28, 2025, Plaintiff and her minor child were required to wait for the next available Children's Advocacy Center (CAC) interview. Plaintiff was informed that the delay was attributable, in part, to Trooper Barnes's availability.

13. During this waiting period, Plaintiff's minor child was initially suspected and diagnosed with herpes, a serious and medically significant condition requiring urgent evaluation.

14. Plaintiff's child ultimately underwent three additional physical examinations to determine the cause of the symptoms. Those examinations later established that the child did not have herpes, but instead suffered from severe streptococcal infection affecting the genital area.

15. The delay in investigative and CAC involvement prolonged Plaintiff's child's exposure to repeated invasive medical examinations and uncertainty, compounding both physical discomfort and emotional trauma.

16. Plaintiff later learned that Trooper Barnes did not attend the CAC interview on May 28, 2025, despite the delay having been attributed to his availability.

17. Following May 28, 2025, the Children's Advocacy Center attempted to communicate with Trooper Barnes regarding the additional medical examinations and findings, but he did not respond.

### C. Initial Report and June 27, 2025 Clarification

18. On June 27, 2025, Plaintiff contacted the Estill County Sheriff's Department and spoke with Sheriff Chris Flynn, seeking help due to lack of communication and concern regarding

her child's sexual abuse case.

19. As a result of Plaintiff's call, the Sheriff's Office contacted Sergeant Isaac Whitaker, who then directed Trooper Barnes to contact Plaintiff.

20. Plaintiff clarifies for accuracy that June 27, 2025 was not a voluntary contact initiated by Trooper Barnes, but rather a contact that occurred only after supervisory involvement and direction.

**D. Missing or Unproduced Recorded Interview**

21. Internal Affairs documents state that a recorded interview with Plaintiff occurred on June 27, 2025.

22. Despite formal records requests, no recording of this interview has been produced, stored, or logged in the case file.

**E. Requests for Reassignment, Supervisory Refusal, and Post-Complaint Home Visits**

23. Prior to filing a formal written complaint, Plaintiff requested that Trooper Barnes be removed from the case due to lack of communication and progress.

24. Plaintiff spoke by telephone with Captain Scott Felder, who denied reassignment and advised that the case would not be reassigned at that time.

25. After Plaintiff engaged in protected activity, Captain Felder appeared at Plaintiff's residence on three occasions over the course of three days.

26. On September 11, 2025, during the first visit, Captain Felder advised Plaintiff that Internal Affairs would be coming to her home and stated that when they did, Plaintiff could "stick with this story or tell them whatever." Plaintiff responded that she would tell the truth, as she always had.

27. During the September 11, 2025 visit, Captain Felder also referenced the possibility of pursuing a direct indictment as a means to expedite the criminal process, which reasonably appeared calculated to influence Plaintiff's participation in the Internal Affairs process.

28. Captain Felder stated that he recorded at least one of these encounters. Plaintiff did not receive any such recording in response to Open Records requests.

29. During the third visit on September 12, 2025, Plaintiff recorded the encounter herself, preserving contemporaneous evidence of the interaction, which is referenced herein but not attached and is preserved for discovery.

**F. Formal Complaint and Subsequent Change in Treatment**

30. On August 28, 2025, Plaintiff submitted a formal written complaint against Trooper Barnes.

31. Plaintiff included Captain Felder in the complaint due to his prior involvement and refusal to reassign the case.

32. Only after the filing of the formal complaint and Plaintiff's continued insistence was Trooper Barnes eventually removed from the case.

33. Internal Affairs later substantiated inefficiency and failures in Trooper Barnes' handling of the investigation.

## V. CLAIMS FOR RELIEF

### COUNT I — First Amendment Retaliation (42 U.S.C. § 1983) (Against Felder)

34. Plaintiff incorporates ¶¶1–33 as if fully set forth herein.

35. Plaintiff engaged in protected activity, including requesting reassignment and submitting a formal written complaint on August 28, 2025, and pursuing accountability through Internal Affairs and open records requests.

36. After Plaintiff engaged in protected activity, Defendant Felder took adverse actions that would deter a person of ordinary firmness from continuing to complain, including appearing at Plaintiff's residence on three occasions over the course of three days and making statements reasonably understood as pressuring Plaintiff regarding the Internal Affairs process, including: "stick with this story or tell them whatever."

37. Felder's adverse actions were motivated by Plaintiff's protected activity, as shown by close temporal proximity and the content of Felder's statements tying the encounters to the Internal Affairs process.

38. As a direct and proximate result, Plaintiff suffered damages including emotional distress, fear, and chilling of her willingness to pursue complaints without intimidation.

### COUNT II — Interference with Right to Petition / Intimidation (42 U.S.C. § 1983) (Against Felder)

39. Plaintiff incorporates ¶¶1–33 as if fully set forth herein.

40. Through repeated home visits, coercive statements referencing Internal Affairs participation, and conduct plausibly intended to influence or chill Plaintiff's complaint activity, Felder interfered with Plaintiff's First Amendment right to petition and speak about official misconduct.

41. Plaintiff suffered damages as alleged.

### COUNT III — Negligence / Gross Negligence (Kentucky Law) (Against Barnes)

42. Plaintiff incorporates ¶¶1–33 as if fully set forth herein.

43. Barnes owed a duty to perform his undertaken investigative responsibilities with reasonable care and without bad faith or improper motive.

44. Barnes breached that duty through the pattern of non-communication, delay, and failure to respond to time-sensitive CAC communications and follow-up as alleged.

45. As a direct and proximate result, Plaintiff suffered damages as alleged.

## VI. DAMAGES

46. Plaintiff and her child suffered emotional distress, anxiety, and loss of trust in law enforcement.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests compensatory damages, declaratory relief, costs, and any further relief deemed just, including punitive damages as permitted by law.

## VIII. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Keisha Hall

Keisha Hall

Plaintiff, Pro Se

Date: 3-27-26

1221 Reges Rd
Irvine Ky 40336